**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3440
_____

QIAO ZHEN LIU,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A075-984-242)
Immigration Judge: Donald Ferlise

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 19, 2010
Before: SLOVITER, JORDAN and GREENBERG, Circuit Judges

(Opinion filed: May 20, 2010)
_____

OPINION
_____

PER CURIAM

        Petitioner seeks review of an order of the Board of Immigration Appeals ("BIA")

denying her second motion to reopen. For the reasons that follow, we will deny in part

and dismiss in part the petition for review.

Petitioner, Qiao Zhen Liu, is a native and citizen of China. She entered the country without authorization in or around June 1995 and was placed into removal proceedings. In response, she applied for asylum, withholding of removal, and protection under the Convention Against Torture based on her political opposition to China's family planning policies. On August 8, 2001, the Immigration Judge ("IJ") found her not to be credible, concluded that her application was frivolous, and denied all of her requests for relief. The IJ held that even assuming Liu was credible, she failed to establish past persecution or a well-founded fear of future persecution. On appeal to the BIA, the same attorney who represented Liu before the IJ, Ms. Wang, initially filed a brief on her behalf. However, Liu then retained new counsel while the appeal was pending, and her new counsel filed a second brief before the BIA which replaced the first. The BIA affirmed the decision of the IJ without opinion on September 13, 2002.

On December 12, 2002, Liu filed a motion to reconsider and reopen, seeking to address some of the issues the IJ found damaging to her credibility.[1] The BIA denied the motion for reconsideration as untimely and denied the motion to reopen because the documents she sought to submit were not sufficient to support her renewed applications for relief.

Approximately six years later, on January 8, 2009, Liu, through new counsel, filed

---

[1]This motion was filed pro se. Liu alleges that she sought assistance from a firm she believed was run by attorneys but which actually was not, and that they drafted the motion but filed it pro se on her behalf and without her knowledge.

a motion titled "Motion to Reopen Asylum Based Removal Hearing Sua Sponte or In The Alternative Re-Issue Order Dismissing Appeal." In it, she alleged that Ms. Wang provided ineffective assistance by failing to inform her of her right to file a petition for review before this Court from the BIA's September 13, 2002 decision and that her right to due process was violated by this failure. In order to remedy this defect, she requested that the BIA reopen her proceedings or re-file its decision to allow her to timely appeal.

The BIA denied the motion for several reasons. First, it concluded that the motion was untimely and number barred. See 8 C.F.R. § 1003.2(c)(2) (permitting only one motion to reopen which must be filed within 90 days of entry of final administrative order of removal). Second, it found that Liu failed to meet the requirements set out in In re Lozada, 19 I. & N. Dec. 637 (BIA 1988), for raising a claim of ineffective assistance of counsel.[2] In her motion, Liu stated that she believed that Ms. Wang suffered from a mental illness and that her bar membership was in "Disability Inactive Status." Liu alleged that she was therefore unable to locate Ms. Wang and could not inform her of the allegations against her or serve her with a copy of any disciplinary complaint Liu might file. The Board found this explanation to be unreasonable, as Liu did not provide any evidence to show that she made a bona fide effort to locate Ms. Wang or demonstrate that

---

[2]Lozada requires: (1) an affidavit from the petitioner detailing the actions taken or not taken by counsel; (2) proof that counsel was informed of the allegations and given an opportunity to respond; and (3) a complaint filed with disciplinary authorities or a reasonable explanation for the decision not to file a complaint. See 19 I. & N. Dec. at 639; see also Lu v. Ashcroft, 259 F.3d 127, 132-34 (3d Cir. 2001).

3

she suffered from a disability or mental illness during the course of her representation.

Third, the BIA concluded that Liu was not entitled to equitable tolling as she failed to demonstrate that she exercised due diligence in pursuing her claim. See Mahmood v. Gonzales, 427 F.3d 248, 252 (3d Cir. 2005) (holding that time to file motion to reopen is subject to equitable tolling and that ineffective assistance of counsel can provide basis for tolling if petitioner exercises diligence in pursuing claims). The BIA held that in waiting nearly six years before filing her second motion to reopen and failing to provide any explanation for that delay, Liu failed to act diligently and therefore was not entitled to equitable tolling. Finally, the Board noted that in 2001, Liu retained new counsel to represent her in her appeal to the BIA. Accordingly, Ms. Wang was not even the attorney of record at the time the ineffective assistance of counsel allegedly occurred.

For all of these reasons, the BIA held that the motion to reopen was time and number barred, that Liu was not entitled to equitable tolling, and that it would not exercise its discretion to grant her motion to reopen sua sponte. Liu timely filed the instant petition for review.

We have jurisdiction over this petition for review pursuant to 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion. See Liu v. Attorney Gen., 555 F.3d 145, 148 (3d Cir. 2009). Under this standard, we will uphold the BIA's decision unless it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). We will affirm the BIA's factual findings if they are

4

supported by "'reasonable, substantial, and probative evidence on the record considered as a whole.'" Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 480 (1992)). We generally lack jurisdiction to review the BIA's decision not to exercise its discretion to sua sponte consider an untimely motion to reopen. See Cruz v. Attorney Gen., 452 F.3d 240, 250 (3d Cir. 2006).

Petitioner's motion to reopen was clearly not filed within the requisite ninety-day period and the BIA therefore correctly determined that it was time barred. See 8 C.F.R. § 1003.2(c)(2). In her brief, Liu focuses on why, under the particular circumstances of this case, she should be excused from strict compliance with Lozada. However, she fails to address the BIA's finding that she did not act diligently in pursuing her claim, nor does she acknowledge that Ms. Wang had been replaced by a different attorney during her appeal to the BIA. Because the BIA properly determined that Liu was not entitled to equitable tolling on the basis of ineffective assistance of counsel for these reasons, Liu's motion was untimely and, therefore, the BIA acted well within its discretion in denying it.

Next, Liu argues that the BIA abused its discretion in declining to sua sponte grant her motion to reopen despite the exceptional circumstances of her case. As stated earlier, we lack jurisdiction to review this claim. See Cruz, 452 F.3d at 250.

Based on the foregoing, we will deny in part and dismiss in part the petition for review.